IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RUBEN RIVERA                                                                                          PLAINTIFF
#45919

v.                                          3:20-cv-00288-DPM-JJV

KEITH BOWERS, Administrator,
Craighead County Detention Center                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

**I.     INTRODUCTION**

Ruben Rivera ("Plaintiff") is a pretrial detainee in the Craighead County Detention Facility ("CCDF").   He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant violated his constitutional rights.   (Doc. 2.)   After careful review of the Complaint, I find it

should be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's one-paragraph Complaint states:

> We have not received yard call in months. We have been cooped up in this barracks after contracting the virus without no rec. We have been cleared for months but we have not been able to go out for rec. It's a violation of our rights.

I conclude these allegations are insufficient to plead a plausible § 1983 claim for the following reasons.

First, the only Defendant is Jail Administrator Keith Bowers. In a § 1983 action, supervisors may not be held vicariously liable for constitutional violations committed by their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not provided any facts explaining how Defendant Bowers was personally involved in the alleged violation of his constitutional rights. Thus, he has not pled a plausible claim against him.

Second, Plaintiff has sued Defendant Bowers in his official capacity only. Official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Craighead County cannot be held vicariously liable for an employee's

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

actions in a § 1983 lawsuit. *See Id.* Instead, Craighead County can only be held liable if the constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, Mo.,* 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff has not raised any allegations supporting a plausible official capacity claim.

Third, because he is a pretrial detainee, Plaintiff's conditions of confinement claim falls under the due process clause of the Fourteenth Amendment, which prohibits pretrial detainees from being confined in conditions that amount to punishment. *Bell v. Wolfish*. 441 U.S. 520 (1979); *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). Conditions amount to unconstitutional punishment if they are intentionally punitive, not reasonably related to a legitimate governmental purpose, or are excessive in relation to that purpose. *Stearns*, 957 F.3d at 907-908. Plaintiff says that "we" have not received yard call. But, as "a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). Plaintiff has not explained how long *he* was denied yard call. He has not stated the size of his cell or whether he was able to perform calisthenics while inside that cell. It is also unclear if Plaintiff was allowed in a day room for indoor exercise, and if so, how often he was allowed to do so. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (when determining whether a constitutional violation has occurred, a court must consider the size and availability of recreation within the cell, the ability to exercise out of the cell in a day room or other indoor area, the duration of confinement, and the extent of any physical injury). Importantly, Plaintiff has not said how long he had COVID-19 or whether he had any symptoms that would have made the denial of yard call reasonable. *See Hall v. Ramsey*

3

*Cty.*, 801 F.3d 912, 919 (8th Cir. 2015) ("if a particular condition or restriction of . . . detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment").

Finally, the only relief Plaintiff seeks is $50,000 in damages. But, he has not explained how he was injured by the lack of yard call. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act"); *Allen v. Wright*, 468 U.S. 737, 751 (1984) (to meet the standing requirement of Article III, "a plaintiff must allege personal injury fairy traceable to the defendant's allegedly unlawful conduct").

Importantly, I have previously explained these pleading deficiencies to Plaintiff, given him thirty days to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he failed to do so. (Doc. 3.) The time to comply with my instructions has expired. Thus, the Complaint should be dismissed for failing to state a claim upon which relief may be granted.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Complaint (Doc. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal count as a "strike" under 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 4th day of November 2020.

*[signature]*
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

danger of serious physical injury."